# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**FREDRICK ANDREW MORRIS,**

      Plaintiff,

    **v.**                           **Case No. 22-CV-716**

**SGT. TONIA ROZMARYNOSKI,**

      Defendant.

---

# ORDER

---

On March 28, 2023, *pro se* plaintiff Fredrick Andrew Morris filed a motion to amend the date of the incident he alleged in his amended complaint. (ECF No. 26.) He also filed a motion for extension of the discovery deadline. (ECF No. 27.) On April 12, 2023, he filed a second motion for extension of the discovery deadline. (ECF No. 33.)

The defendant filed a response to Morris's motions, arguing that the motion to amend the date of the complaint should be dismissed because allowing the amendment is futile. (ECF No. 30.) Specifically, the defendant states that, if the date of the incident is changed from July 9, 2021, to July 14, 2021, as the second amended complaint proposes, the evidence is clear that Morris did not exhaust his administrative remedies for an incident on July 14, 2021, and his case would have to be dismissed.

Under Federal Rule of Civil Procedure 15(a), "courts should freely allow pleading amendments 'in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment." *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)).

The court disagrees with the defendant that, at this stage, allowing an amendment is futile. While it may be that Morris failed to exhaust his administrative remedies for an incident on July 14, 2021, he must be given an opportunity to refute that contention. The court will grant Morris's motion to amend the date of the incident in his complaint. The second amended complaint (ECF No. 26-2) is now the operative complaint. The court notes that the only substantive difference between Morris's proposed amended complaint and the original complaint is the date change. As such, the defendant does not have to file a responsive pleading.

Although the deadline to file summary judgment on exhaustion grounds has passed, in light of the amendment the court will allow the defendant to file a motion for summary judgment on exhaustion grounds by the deadline set forth below. Morris will get an opportunity to respond to any such motion filed and explain whether he exhausted his remedies or, if he was unable to, explain why. The court will also stay the case deadlines pending the motion for summary judgment on exhaustion grounds. If the case survives the motion, or if the defendant does not file a motion by the

deadline below, the court will issue an amended scheduling order resetting the deadlines. Given this briefing schedule, the court will deny both of Morris's motions for extension of the discovery deadline as moot.

**IT IS THEREFORE ORDERED** that Morris's motion to amend the date of the complaint (ECF No. 26) is **GRANTED**. Morris's second amended complaint (ECF No. 26-2) is now the operative complaint. Because the second amended complaint is substantially similar to the original complaint, the defendant is not required to file an answer.

**IT IS FURTHER ORDERED** that the court is **STAYING** the case deadlines. The defendant may file a motion for summary judgment on exhaustion grounds by **June 5, 2023.** Morris's response is due in accordance with the applicable local rules.

**IT IS FURTHER ORDERED** that Morris's motions for extension of the discovery deadline (ECF Nos. 27, 33) are **DENIED as moot.**

Dated at Milwaukee, Wisconsin this 3rd day of May, 2023.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

3