# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FREDRICK ANDREW MORRIS,**

        **Plaintiff,**

 v.                                                      Case No. 22-CV-716

**SGT. TONIA ROZMARYNOSKI,**

        **Defendant.**

## ORDER

      Plaintiff Fredrick Andrew Morris, who is incarcerated at Green Bay Correctional Institution (GBCI) and representing himself, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 1.) Morris was allowed to proceed on an Eighth Amendment excessive force claim against defendant Sgt. Tonia Rozmarynoski for allegedly using OC spray on him when he was not acting aggressively. Rozmarynoski filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 38.)

      On October 30, 2023, the court determined that an evidentiary hearing was needed pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), to determine whether Morris had exhausted his administrative remedies. (ECF No. 50.) After a brief hiatus while the parties discussed settlement, the court scheduled a *Pavey*

hearing for January 24, 2024. Due to technical difficulties, the court had to reschedule the hearing for February 7, 2024.

At the *Pavey* hearing, in addition to hearing evidence regarding whether Morris exhausted his administrative remedies for his Eighth Amendment claim, the court also considered Morris's motion to alter issues for the *Pavey* hearing (ECF No. 59) and heard evidence related to the defendant's motion for sanctions (ECF No. 55).

Turning to the motion for sanctions, non-defendant Captain Daniel Cushing, who is the Investigative Captain and Security Threat Group Coordinator at GBCI, testified that on December 27, 2023, for another matter involving Morris he was listening to recorded phone calls Morris had recently made from GBCI. In a call Morris made on December 8, 2023, to someone that Cushing believed to be Morris's brother, Morris asked his brother to leave a message on the Facebook page of Miles Arne, a former GBCI correctional officer who would be testifying at the *Pavey* hearing (Arne had assisted Morris in drafting the inmate grievance at issue in the *Pavey* hearing).

In that call Morris instructed his brother to write on Arne's Facebook page, "Redrum says Roz needs you to come to court and lie saying I told you to put the July 9th date for the date she sprayed me twice. You and I both know, I gave the details, you gave the date." (*See* ECF No. 61 at 2:47-5:16.) Cushing testified that he interpreted the message as Morris telling Arne to lie in his testimony for the *Pavey* hearing. Cushing also stated that he considered the message to be intimidating because Morris used his nickname "Redrum," which is "murder" spelled backwards.

2

Cushing testified that it is well known amongst staff at GBCI that Morris is a dangerous person with an assaultive history against correctional staff.

Arne also testified, stating that he received the Facebook message and found it intimidating, and he believes that Morris was asking him to lie.

Morris testified, admitting that he asked his brother to post the Facebook message and specifically instructed him to reference that the message came from "Redrum." He testified that he was not telling Arne to lie but instead was reminding him what happened when Arne assisted him in filling out the inmate grievance.

Federal courts have "the inherent power 'to fashion an appropriate sanction for conduct which abuses the judicial process." *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 31, 44-45 (1991)). Witness tampering is conduct that seriously abuses the judicial process because "[t]rying improperly to influence a witness is fraud on the court and the opposing party." *Ty Inc., v. Softbelly's Inc.,* 517 F.3d 494, 498 (7th Cir. 2008). Also, witness tampering is a federal crime under 18 U.S.C. §1512(b) ("Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to . . . influence, delay, or prevent the testimony of any person in an official proceeding . . . shall be fined under this title or imprisoned not more than 20 years, or both.")

Morris attempted to influence a key witness in his *Pavey* hearing. One of the central issues of the *Pavey* hearing was whether Arne wrote down the wrong date on the relevant inmate grievance, thereby rendering the grievance process unavailable

3

to Morris. By having a message posted on Arne's personal Facebook page, specifically addressing this key issue ("You and I both know, I gave the details, you gave the date"), Morris intentionally attempted to intimidate, threaten, or corruptly persuade a witness. (*See* ECF No. 61 at 2:47-5:16.)

"A decision that a party's misconduct is serious enough to justify dismissal with prejudice" is within a district court's sound discretion. *Ridge Chrysler Jeep, LLC v. DaimlerChrysler Fin. Servs. Am. LLC,* 516 F.3d 623 (7th Cir. 2008). The Seventh Circuit Court of Appeals has consistently held that witness tampering is serious conduct and may deserve the court's harshest sanction, dismissal. *See Ty Inc. v. Softbelly's Inc.,* 353 F.3d 528, 537 (7th Cir. 2003) (noting that, where a judge determines that a party engaged in witness tampering, "there would have been compelling evidence of serious misconduct . . . requiring a commensurately severe sanction, quite possibly dismissal.").

Morris's actions here warrant dismissal. He directed his brother to post a threatening and intimidating message on the personal Facebook page of a key witness. Because Arne no longer works at Green Bay Correctional Institution, the message had the collateral effect of letting him know that Morris knew how to get in touch with him. Such behavior will not be tolerated by the court. As such, the court believes it is appropriate to grant the defendant's motion for sanctions and dismiss this lawsuit.

4

Because the court is dismissing the case as a sanction, it denies Morris's motion to alter the scope of the *Pavey* Hearing, and the defendant's motion for summary judgment on exhaustion grounds is denied as moot.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion for sanctions (ECF No. 55) is **GRANTED**. The case is **DISMISSED with prejudice** as a sanction for witness tampering. The Clerk of Court will enter judgment accordingly.

**IT IS FURTHER ORDERED** that Morris's motion to alter the issues for the *Pavey* hearing (ECF No. 59) and the defendant's motion for summary judgment on exhaustion grounds (ECF No.38) are **DISMISSED as moot.**

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion

under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 13th day of February, 2024.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

6

Case 2:22-cv-00716-WED   Filed 02/13/24   Page 6 of 6   Document 67